T.C. Summary Opinion 2002-80


UNITED STATES TAX COURT


MOHAMED BARRIE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 546-01S.                    Filed July 2, 2002.


Mohamed Barrie, pro se.

<u>Jeffrey E. Gold</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's income tax of $4,569 for 1999. The issues for decision are: (1) Whether petitioner is entitled to the two claimed dependency exemption deductions; (2) whether petitioner is entitled to claimed head-of-household filing status; and (3) whether petitioner is entitled to a claimed earned income credit (EIC).

Petitioner resided in Silver Spring, Maryland, at the time he filed his petition. Some of the facts have been stipulated, and are so found.

## Background

Petitioner came to the United States from Africa in 1997. During 1999, the year in issue, petitioner lived in Silver Spring, Maryland, in a two-bedroom apartment with a roommate, Mohamed Conteh (Mr. Conteh). Petitioner worked as a security guard.

The wife of petitioner's cousin, Hadiatou Diallo (Mrs. Diallo), and her daughter Oumou Diallo[1] (Oumou) purportedly moved into the apartment with petitioner and Mr. Conteh shortly after Oumou's birth on February 9, 1999. Oumou's birth certificate indicates the residence of Mrs. Diallo at the time of Oumou's birth as Atlanta, Georgia.

---

[1] Although the name of Mrs. Diallo's daughter is referred to as Umou throughout the record, the birth certificate reflects the name as Oumou. Accordingly, we refer to Mrs. Diallo's daughter as Oumou.

Petitioner's sister Fatima Jalloh (Mrs. Jalloh) gave birth to a daughter Mariam Jalloh (Mariam) on February 12, 1999. Mrs. Jalloh and Mariam also purportedly lived in the apartment with petitioner, Mr. Conteh, Mrs. Diallo, and Oumou after Mariam's birth through the remainder of 1999. Mariam's birth certificate reflects that she was born in the State of Maryland.

A health insurance patient authorization form dated February 19, 1999, issued by a medical center for care provided to Mariam, indicates that the subscriber of Mariam's health insurance was Mrs. Jalloh. The form indicates that Mariam's home address was in Lanham, Maryland. This address is the same as Mrs. Jalloh's home address indicated in a letter signed by her and dated April 19, 2000. A receipt for medical treatment for Mariam dated July 2, 1999, indicates that Mariam was covered by health insurance.

Petitioner married Fatima Barrie (Mrs. Barrie) in 1995. During 1999 Mrs. Barrie and petitioner did not live together in the same household. Although they were not living together, petitioner and Mrs. Barrie did not file for separation or divorce.

On Form 1040, U.S. Individual Income Tax Return, for 1999 petitioner claimed Oumou and Mariam as dependents (foster children). Petitioner claimed head-of-household filing status and an EIC of $3,613.

Respondent determined in a notice of deficiency that

petitioner was not entitled to: (1) The claimed dependency exemption deduction; (2) head-of-household filing status; and (3) the claimed EIC.

Petitioner conceded during trial that he was married throughout the entire year at issue and neither separated nor divorced.

Discussion

The first issue for our consideration is whether petitioner is entitled to the claimed dependency exemption deduction for Oumou and Mariam as foster children.[2] A taxpayer is allowed a deduction for a dependent for whom the taxpayer has provided over one-half of her support. Secs. 151(c)(1) and 152(a). A dependent includes a daughter of a sister of the taxpayer under section 152(a)(6) and an individual who, for the taxable year, has as her principal place of abode the home of the taxpayer and is a member of the taxpayer's household under section 152(a)(9). If the requirements of section 152(a)(9) and section 1.152-1, Income Tax Regs., are satisfied with respect to a foster child, that child shall be treated as a child of the taxpayer by blood. Sec. 152(b)(2); sec. 1.152-2(c)(4), Income Tax Regs. For

---

[2] Petitioner bears the burden of proof on all issues in this case. Rule 142(a)(1). Sec. 7491 does not apply to shift the burden of proof to respondent because petitioner has neither alleged that sec. 7491 is applicable nor established that he complied with the requirements of sec. 7491(a)(2)(A) and (B) to substantiate items, maintain required records, and fully cooperate with respondent's reasonable requests.

purposes of section 152(a)(9), it is not necessary that the dependent be related to the taxpayer but it is necessary that the taxpayer both maintain and occupy the household. Sec. 1.152-1(b), Income Tax Regs.

The term "support" includes food, shelter, clothing, medical and dental care, education, and the like. Sec. 1.152-1(a)(2)(i), Income Tax Regs. The total amount of support for each claimed dependent furnished by all sources during the year in issue must be established by competent evidence. Blanco v. Commissioner, 56 T.C. 512, 514 (1971); sec. 1.152-1(a)(1), Income Tax Regs. The amount of support that the claimed dependent received from the taxpayer is compared to the total amount of support the claimed dependent received from all sources. Sec. 1.152-1(a)(2)(i), Income Tax Regs.

Petitioner testified that Oumou and Mariam not only lived in his apartment from shortly after the time that each was born through the end of 1999, but also that he paid for all of their food, clothing, and medical needs, and that he paid a major portion of the rent for the apartment. The record, however, does not support petitioner's testimony, and we need not accept it. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).

We are not convinced that either Oumou's or Mariam's principal place of abode during 1999 was petitioner's apartment. There is no documentary evidence supporting petitioner's position

that Oumou lived with him.  Further, previously discussed documents reflect an address for Mariam that is different from petitioner's.  This address is the same address where Mrs. Jalloh and Mariam lived during the year 2000, as reflected in a letter from Mrs. Jalloh dated April 19, 2000.  We find that petitioner's apartment was not Mariam's principal place of abode during 1999.

Even if petitioner's home were the principal place of abode for either Oumou or Mariam, there is an absence of evidence in the record indicating that petitioner provided any support for either Oumou or Mariam.  Rather, the documents in the record support the conclusion that someone other than petitioner provided Mariam's support.  Neither the health insurance patient authorization form dated February 19, 1999, nor the receipt for a diagnosis dated July 2, 1999, indicates that petitioner paid any amount for Mariam's health insurance or care.  A letter dated April 19, 2000, and signed by Mrs. Jalloh provides that petitioner "has been a great contributor toward my daughter", Mariam, but this letter is not credible supporting evidence.

Petitioner explained that he had a duty to care for his relatives who fled their home country because of fighting.  We are not convinced that petitioner provided over one-half of the support for Oumou or Mariam.  Accordingly, the claimed dependency exemption deduction is denied.

The next issue for decision is whether petitioner is

entitled to the claimed head-of-household filing status. To qualify as a head of household, a taxpayer must satisfy the requirements of section 2(b). Under section 2(b), a taxpayer shall be considered a head of a household if, and only if, he is not married at the close of the taxable year, is not a surviving spouse, and, among other choices, maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a dependent of the taxpayer (if not a child or grandchild of the taxpayer), if the taxpayer is entitled to a deduction for the dependent under section 151. Sec. 2(b)(1)(A). A taxpayer shall be considered as not married if he is legally separated from his spouse under a decree of divorce or of separate maintenance, or if at any time during the taxable year his spouse is a nonresident alien. Sec. 2(b)(2)(B) and (C).[3] An individual maintains a household only if he furnished over half of the costs of maintaining the household during the taxable year. Sec. 2(b)(1); sec. 1.2-2(b)(1), (d), Income Tax Regs.

Petitioner conceded that he was married during 1999 and that he was not legally separated from Mrs. Barrie under a decree of divorce or of separate maintenance. There are no facts in the record that indicate that Mrs. Barrie was a nonresident alien.

---

[3] As discussed below, an individual is also not treated as married if he is so treated under sec. 7703(b). Sec. 32(d).

In addition, as we concluded above, petitioner did not maintain as his home a household which constituted for more than one-half of 1999 the principal place of abode of a dependent under section 151.  Accordingly, we conclude that petitioner is not entitled to the claimed head-of-household filing status.[4]

The next issue is whether petitioner is entitled to the claimed EIC of $3,613.  Under section 32(d), in the case of an individual who is married (within the meaning of section 7703), the individual may be entitled to an EIC under section 32 only if a joint return is filed for the taxable year under section 6013.

The determination of whether an individual is married is made at the close of the taxable year.  Sec. 7703(a)(1).  An individual legally separated from his spouse under a decree of divorce or of separate maintenance shall not be considered as married.  Sec. 7703(a)(2).  An individual who is living apart from his spouse but not legally separated under a decree of divorce or separate maintenance shall be considered as married.  Sec. 1.7703-1(a), Income Tax Regs.  Accordingly, under section 7703(a) petitioner is considered married.

Alternatively, section 7703(b) provides that a taxpayer who is married under section 7703(a) and who files a separate return,

---

[4]  We note that respondent disallowed the head-of-household filing status in the notice of deficiency and treated petitioner as single.  Respondent does not seek to claim an increased deficiency which might result from a change in filing status to married filing separately.

maintains as his home a household which constitutes for more than one-half of the taxable year the principal place of abode of a child (under section 151(c)(3)) with respect to whom the taxpayer is entitled to a deduction under section 151, furnishes over one-half of the cost of maintaining such household during the taxable year, and whose spouse is not a member of such household during the last 6 months of the taxable year shall not be considered as married.  See also sec. 1.7703-1(b)(1), Income Tax Regs.  Because we have concluded above that petitioner is not entitled to a deduction under section 151, section 7703(b) is not applicable to petitioner, and he shall be considered as married during 1999.

Since petitioner was married within the meaning of section 7703 during 1999 and he did not file a joint return for the taxable year under section 6013, he is not entitled to the claimed EIC under section 32(d).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.